UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 12-52149 |
| Clifford Stanley Baber and | ) | |
| LaDonna Sue Baber | ) | |
| | ) | Chapter 13 |
| Debtors. | ) | |

## CERTFICATE OF SERVICE

I certify that a copy of the *Chapter 13 Plan* was mailed *via cm/ecf* to John V. LaBarge Jr., POB 430908, St. Louis, MO 63143, Chapter 13 Trustee and the United States Trustee on this **3rd day of January, 2013** as well as all creditors listed on the attached Matrix.

Adams Law Group

*/s/ Melissa M. Collins*
Melissa M. Collins, Paralegal

Internal Revenue Service
P.O. Box 21125
Philadelphia, PA 19114-0325

Missouri Department of Revenue
P.O. Box 385
Jefferson City, MO 65105

Equifax Credit Information Ser
P.O. Box 740241
Atlanta, GA 30374

TransUnion
P.O. Box 2000
Crum Lynne, PA 19022-2000

Experian
P.O. Box 2104
Allen, TX 75013-2104

Advance America
2406 West Clay
Saint Charles, MO 63301

American Family
PO Box 1603
Saint Joseph, MO 64502

Americredit
c/o Pinnacle Financial Group
7825 Washington Ave. S Ste 310
Minneapolis, MN 55439

Ameriloan
2533 N. Carson Street, Ste. 497
Carson City, NV 89706

Atlantic Credit Union
c/o Gary Underwood
515 Olive Street, Ste. 800
Saint Louis, MO 63101

Bank of America
c/o NCO Financial Systems
507 Prudential Road
Horsham, PA 19044

Brian and Marcia Peak
1715 Foxglove Drive
Saint Charles, MO 63303

Capital One
PO Box 790216
Saint Louis, MO 63179

Caremark
c/o Transworld Systems
390 S. Woods Mill Road 345
Chesterfield, MO 63017

Cash LLC Turtle Creek
c/o Wally Pankowski
705 Olive Blvd., Ste. 1100
Saint Louis, MO 63101

Cash Net USA
PO Box 06230
Chicago, IL 60606

CCB Credit Services
PO Box 272
Springfield, IL 62705

Cingular
c/o AFNI
404 Brock Drive
Bloomington, IL 61702

Citifinancial
PO Box 6931
The Lakes, NV 88901

Credit One Bank
c/o Alliance One
4850 Street, Ste. 300
Feasterville Trevose, PA 19053

Daniel D. Kiddy DPM
300 Winding Woods Rd., Ste 2
O Fallon, MO 63366

Ford Motor Credit
PO Box 54200
Omaha, NE 68154

Great Plains Speciality Finance
4122 Mexico Road
Saint Peters, MO 63376

Harley Davidson Financial Ser
PO Box 21908
Carson City, NV 89721

Household Bank
c/o Wally Pankowski
705 Olive Street
Saint Louis, MO 63101

James McNeile
4550 Belleview 2nd Floor
Kansas City, MO 64111

Missouri PayDay Loan
2196 First Capital Drive
Saint Charles, MO 63301

Quest Diagnostics
P.O. Box 740780
Cincinnati, OH 45274-0780

Select Portfolio Servicing
c/o Millsap Singer
612 Spirit Drive
Chesterfield, MO 63005

St. Charles County Collector of
201 North Second Street
Suite 134
Saint Charles, MO 63301

Todt, Ryan & McCullough LLC
415 N. 2nd Street, Ste. 200
Saint Charles, MO 63301

United Cash Loans
3531 Street NW
Miami, OK 74355

US Bank
PO Box 1800
Saint Paul, MN 55101

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:  )
  )  Case No. 12-52149
Clifford Stanley Baber and  )
LaDonna Sue Baber  )  Chapter 13
  )
Debtors  )

CHAPTER 13 PLAN

**PAYMENTS. Debtor is to pay to the Chapter 13 Trustee the sum of the following amounts: (complete one of the following payment options)**

$__850.00__ per month for __60__ months.

$_____ per month for _____ months, then $_____ per month for _____ months, then $_____ per month for _____ months.

A total of $_____ through _____, then $_____ per month for _____ months beginning with the payment due in _____, 20____.

In addition, Debtor shall pay to the Trustee, and the plan base shall be increased by the following:

(1) Tax Refund. Debtor shall send any tax refund received during the pendency of the Chapter 13 case to the Trustee; however, Debtor may retain a portion of a tax refund to pay income taxes owed to any taxing authority for the same period as the refund. Debtor may also retain $1,250 for single filers or $1,500 for joint filers and refundable tax credits consisting of Earned Income Credit and Child Tax Credit, each year. (2) Employee Bonuses. Debtor shall send fifty percent of any employee bonus or other distribution paid or payable to Debtor during the term of the plan. (3) Additional Lump Sums. Debtor shall send additional lump sums(s) consisting of $__0.00__, if any, to be paid to the Trustee.

**DISBURSEMENTS. Creditors shall be paid in the following order and in the following fashion. Unless stated otherwise, the Chapter 13 Trustee will make the payments to creditors. All disbursements by the Trustee to be made pro-rata by class, except per month disbursements described below. However, if there are funds available after payment of equal monthly payments in paragraph 5 and fees in paragraph 6, those funds shall be distributed again to those same paragraphs until paid in full before distributing to the next highest paragraphs:**

1. **Trustee and Court Fees.** Pay Trustee a percent of all disbursements as allowed by law and pay filing fees if the Court enters an order providing for filing fees to be paid in the Chapter 13 plan.

2. **Executory Contract/Lease Arrearages.** Trustee to cure pre-petition arrearage on any executory contract accepted in paragraphs 3(A or B) over the following period, estimated as follows:

   CREDITOR NAME                TOTAL AMOUNT DUE            CURE PERIOD

3. Pay sub-paragraphs concurrently:

   (A) **Post-petition real property lease payments.** Debtor assumes executory contract for real property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT            BY DEBTOR/TRUSTEE

   (B) **Post-petition personal property lease payments**. Debtor assumes executory contract for personal property with the following creditor(s) and proposes to maintain payments in accordance with terms of the original contract as follows:
   CREDITOR NAME            MONTHLY PAYMENT            EST MONTHS REMAINING

   (C) **Continuing Debt Payments (including post-petition mortgage payments on real estate other than Debtor's residence )** Maintain payments of the following continuing debt(s) in accordance with terms of the original contract with any arrearages owed at the time of filing to be cured in paragraph **5A** below.
   CREDITOR NAME            MONTHLY PAYMENT

   (D) **Post-petition mortgage payments on Debtor's residence.** Payments due post-filing on debt(s) secured by lien(s) on Debtor(s) residence to be at the monthly amount listed below (or as adjusted by creditor under terms of loan agreement) to:
   CREDITOR NAME            MONTHLY PAYMENT            BY DEBTOR/TRUSTEE
   **Select Portfolio**     **$1585.00**                **DEBTOR**

   (E) **DSO Claims in equal installments.** Pay any pre-petition domestic support obligation arrears (not provided for elsewhere in this plan) in full in equal monthly installments over the life of the plan, estimated as:
   CREDITOR NAME            TOTAL AMOUNT DUE            INTEREST RATE

4. **Attorney Fees**. Pay Debtor's attorney **$1,600.00** in equal monthly payments over **12** months. Any additional fees allowed by the Court shall be paid pursuant to paragraph 6 below. [See procedures manual for limitations on use of this paragraph]

5. Pay sub-paragraphs concurrently:

(A) **Pre-petition arrears on secured claims paid in paragraph 3**. Pay pre-petition arrearage on debts paid under paragraphs 3 (C) or (D) in equal monthly installments over the period set forth below and with the interest rate identified below, estimated as follows:

| CREDITOR NAME | TOTAL AMOUNT DUE | CURE PERIOD | INTEREST RATE |
|---|---|---|---|
| **Select Portfolio** | **$23000.00** | **48 Months** | **0.000%** |

(B) **Secured claims to be paid in full.** The following claims shall be paid in full in equal monthly payments over the period set forth below with **4.61** % interest.

| CREDITOR | EST BALANCE DUE | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|
| | | **60 Months** | |

(C) **Secured claims subject to modification.** Pay all other secured claims the fair market value of the collateral, as of the date the petition was filed, in equal monthly payments over the period set forth below with **4.61** % interest and with any balance of the debt to be paid as non-priority unsecured debt under paragraph 9 (A), estimated as set forth below:

| CREDITOR | BALANCE DUE | FMV | REPAY PERIOD | TOTAL w/ INTEREST |
|---|---|---|---|---|
| **Brian and Marcia Peak** | **$1,560.30** | **$4,910.00** | **60 Months** | **$1750.00** |
| **Ford Motor Credit** | **$5555.53** | **$4000.00** | **60 Months** | **$4487.00** |
| **Mo. Pay Day Loan** | **$1000.00** | **$5000.00** | **60 Months** | **$1122.00** |

(D) **Co-debtor guaranteed debt paid in equal monthly installments**. The following co-debtor guaranteed claims(s) to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in equal monthly installments over the period set forth below and with interest as identified below.

| CREDITOR | EST BALANCE | TRUSTEE/CO-DEBTOR | PERIOD | INTEREST RATE |
|---|---|---|---|---|
| | | | | |

(E) Pay any post-petition fees and costs as identified in a notice filed per Federal Rule of Bankruptcy Procedure 3002.1 as a supplement to an allowed claim or any other post-petition fees and costs which the Court allows and orders the Trustee to pay. Any such amounts shall be paid in equal monthly payments over the remainder of the plan duration and shall not receive interest.

6. Pay $**2,000.00** of debtor's attorney's fees and any additional attorney fees allowed by the Court.

7. Pay sub-paragraphs concurrently:

(A) **Unsecured Co-debtor guaranteed claims**. The following unsecured co-debtor guaranteed debt to be paid by Trustee or by the co-debtor as noted below. If paid by Trustee, pay claim in full with interest rate as identified below.

| CREDITOR NAME | EST TOTAL DUE | TRUSTEE/CO-DEBTOR | INTEREST RATE |
|---|---|---|---|
| | | | |

(L.F. 13 Rev. 11/2012)

(B) **Assigned DSO Claims**. Domestic support obligation arrearages assigned to, or recoverable by, a governmental unit, to be paid a fixed amount with the balance to be owed by the Debtor(s) after completion of the Plan, pursuant to § § 507(a)(1)(B) and 1322(a)(4). Regular payments that become due after filing shall be paid **directly** by Debtor(s).

CREDITOR          TOTAL DUE          TOTAL AMOUNT PAID BY TRUSTEE
                                                          (100% or lesser dollar amount enumerated here)

8. **Priority Claims.** Pay the following priority claims allowed under 11 U.S.C. section 507 in full, estimated as follows:

CREDITOR NAME                  TOTAL AMOUNT DUE
**St. Charles Collector of Revenue      $170.00**

9. Pay the following sub-paragraphs concurrently:

(A) **General Unsecured Claims**. Pay non-priority, unsecured creditors. Estimated total owed: $39,608.88. Amount required to be paid to non-priority unsecured creditors as determined by 1325(a)(4) hypothetical Chapter 7 liquidation calculation: $0.00. Amount required to be paid to non-priority unsecured creditors as determined by 1325(b) calculation: $7057.20. Debtor guarantees a minimum of $7057.20 (Dollar amount or 100%) will be paid to non-priority unsecured creditors.

(B) **Surrender of Collateral**. Debtor proposes to surrender the following collateral to the following creditor(s) with any deficiency paid as non-priority unsecured debt:

CREDITOR               COLLATERAL

(C) **Rejected Executory Contracts/Leases.** Debtor rejects the following executory contract(s) with the following creditor(s). Any balance to be paid as non-priority unsecured debt.:

CREDITOR               CONTRACT/LEASE

10. Other:

11. All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under section 1328. However, the Debtor will request avoidance of non-purchase money liens secured by consumer goods as well as judicial liens which impair exemptions and said creditors will not retain their liens if the Court enters an order granting the Debtor's request to avoid the liens.

12. Any pledged credit union shares or certificates of deposit held by any bank shall be applied to the amount owed such Claimant.

13. Title to Debtor's property to re-vest in Debtor upon confirmation. Debtor is not to incur further credit or debt without the consent of the Court unless necessary for the protection of life, health or property and consent cannot be obtained readily.

14. Any post-petition claims filed and allowed under 11 U.S.C. section 1305 may be paid through the plan.

CREDITOR'S NOTICE: YOU MUST FILE A CLAIM IN ORDER TO PARTICIPATE IN DISBURSEMENTS PROPOSED HEREIN. CLAIMS SHALL SHARE ONLY IN FUNDS DISBURSED AFTER THE CHAPTER 13 TRUSTEE RECEIVES THE CLAIM. IN COMPLIANCE WITH ORDER OF THE COURT, ABSENT A SPECIFIC ORDER OF THE COURT TO THE CONTRARY, THE CHAPTER 13 TRUSTEE, RATHER THAN THE DEBTOR, WILL MAKE ALL PRE-CONFIRMATION DISBURSEMENTS PURSUANT TO SECTION 1326(a). ALL CREDITORS ENTITLED TO PRE-CONFIRMATION DISBURSEMENTS, INCLUDING LEASE CREDITORS, MUST FILE A PROOF OF CLAIM TO BE ENTITLED TO RECEIVE SUCH PAYMENTS FROM THE CHAPTER 13 TRUSTEE. PURSUANT TO LOCAL RULE, THE PROOF OF CLAIM SHALL CONTROL THE VALUATION OF COLLATERAL AND ANY VALUATION STATED IN THE PLAN SHALL NOT BE BINDING ON THE CREDITOR. THE TRUSTEE, IN HIS SOLE DISCRETION, MAY DETERMINE TO RESERVE FUNDS FOR PAYMENT TO ANY CREDITOR SECURED BY A MORTGAGE ON REAL ESTATE PENDING FILING OF A CLAIM.

DATE: 1/2/13          DEBTOR: _____
                              Clifford Stanley Baber

DATE: 1/2/13          DEBTOR: _____
                              LaDonna Sue Baber